UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                            Case No:  2:14-cv-450-FtM-38CM

NAPLES HOTEL COMPANY and
THE GULFCOAST INN OF NAPLES
OWNERS ASSOCIATION, INC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #10) filed on September 30, 2014.  Plaintiff filed a Response in Opposition (Doc. #13) on October 28, 2014.[2]  Thus, the matter is ripe for review.

## Background

Plaintiff is an individual who suffers from numerous disabilities, including, but not limited to, spinal stenosis.  (Doc. #1 at 2).  As a result of their severity, Plaintiff's disabilities are classified as "qualified disabilities" under the Americans with Disabilities Act ("ADA"), and require him to utilize a specially-designed means of entry to enter a swimming pool.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court takes notice that Plaintiff filed his Response well beyond the 14-day response period allotted under the Local Rule 3.01(b).  In the interest of judicial economy, the Court chooses not to strike Plaintiff's Response in this instance, and will consider the Response as if it was filed in a timely manner.  But the Court warns Plaintiff that failure to comply with the Local Rules of the Middle District of Florida in future filings with the Court will result in repercussions, including the possibility of Rule 11 sanctions.

(Doc. #1 at 2).  Defendants are the lessees, operators, owners, and lessors of real property located at 2555 Tamiami Trail North, Naples, FL 34103 ("Defendants' Property"). (Doc. #1 at 4).

On or about October 20, 2013, Plaintiff visited Defendants' Property, but was "denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within [Defendants' Property], even though he would be classified as a 'bona fide patron.'" (Doc. #1 at 2).  As Plaintiff explains, Defendants fail to provide "a means of entry [into their swimming pool] for persons with disability [sic] such as [a] pool lift chair, sloped entry, transfer wall or transfer platform. . . ." (Doc. #1 at 7).  In addition, Defendants provide "disabled parking space(s) and access aisles that are too steep for use by disabled persons. . . ." (Doc. #1 at 7).   Plaintiff once again visited Defendants' Property on or about March 14, 2014, and noted that Defendant had failed to eliminate the barriers to Plaintiff accessing Defendants' outdoor pool or the access aisle and parking space violations.  (Doc. #1 at 2).  Based on these factual allegations, Plaintiff brings this action, alleging a single count violation of the ADA.  (Doc. #1).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (discussing a Rule

12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556; Marsh, 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. Iqbal, 556 U.S. 662, 677, 129 S.Ct. 1937. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## Discussion

### A. *Plaintiff's ADA Claim is Not Barred by Res Judicata*

Defendants first seek dismissal of Plaintiff's Complaint on the basis of *res judicata*. As Defendants explain, in 2001, an independent disabled plaintiff filed suit against them, alleging nearly the same violations. (Doc. #10 at 6). In resolving that litigation, Defendants entered into a consent decree that required Defendants to modify its premises to include ADA compliant parking and pool access. (Doc. #10 at 6). Defendants complied with the consent decree's required modifications, but remain subject to its terms. (Doc. #10 at 6). Because "the same issues are identified and the same relief is again

requested" between the instant action and the 2001 Action, Defendants aver that "principles of *res judicata* compel that Plaintiff's claims should be precluded and this action dismissed." (Doc. #10 at 9). In response, Plaintiff disputes Defendants' contention that he is barred from bringing the instant action and notes that despite the 2001 Action, "Defendant[s] [have] not removed the barriers to access on [their] property." (Doc. #13 at 2).

The doctrine of *res judicata* "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action" after a final judgment on the merits has been entered. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). But this doctrine can be raised only if four perquisites are met: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. Id. (citing Israel Discount Bank Ltd. V. Entin, 951 F.2d 311, 314 (11th Cir. 1992); In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 (11th Cir. 1990)). If one of these elements is not present, however, *res judicata* does not apply. Id. The party asserting *res judicata* bears the burden of illustrating its applicability at all times. Id.

Here, Plaintiff fails to provide any argument contending that the first, second, or fourth elements necessary for *res judicata* to apply are not satisfied. (Doc. #13 at 2). Instead, Plaintiff simply argues that the Parties in the instant action are not the same as the parties in the 2001 Action, nor was Plaintiff in privity with those parties. (Doc. #13 at 2). Defendants concede that Plaintiff was not involved in the 2001 Action. (Doc. #10 at 7). Thus, as Defendants correctly note, the only issue for the Court to resolve "is whether a

sufficient basis for 'nonparty' preclusion [exists] to justify dismissal of Plaintiff's claim[] in the [instant] case." (Doc. #10 at 7). In support of their argument that a sufficient basis for "nonparty" preclusion exists, Defendants direct the Court's attention to the Supreme Court case Taylor v. Sturgell, 553 U.S. 880 (2008).

In Taylor, the Supreme Court emphasized that "[t]he application of [*res judicata*] to nonparties . . . runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" 553 U.S. at 893 (quoting Richards v. Jefferson Cnty., Ala., 517 U.S. 793, 798 (1996)). But "the rule against nonparty preclusion is subject to [six] exceptions": (1) if the nonparty agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement; (2) if there is a pre-existing substantive legal relationship between the nonparty to be bound and a party to the judgment; (3) if the nonparty was adequately represented by someone with the same interests who was a party; (4) if the nonparty assumed control over the litigation; (5) if the nonparty served as a proxy for a party; or (6) if a special statutory scheme forecloses successive litigation by nonparties and is otherwise consistent with due process. Id. (citations omitted).

While Plaintiff fails to address any of these six exceptions in his Response, Defendants concede that the only applicable exception is whether Plaintiff was adequately represented by someone with the same interests who was a party to the 2001 Action. (Doc. #10 at 7). In doing so, Defendants argue that because the plaintiff in the 2001 Action was an association of disabled individuals, Plaintiff was adequately represented by that association because it had the same interests as Plaintiff -- ensuring that Defendants' Property is ADA compliant. In support of this argument, Defendants cite

to the Southern District of Florida case *Access for Disabled, Inc. v. Fort Lauderdale Hospitality, Inc.*, 826 F. Supp. 2d 1330 (S.D. Fla. 2011). But surprisingly, the *Access for Disabled* Court rejected Defendants' exact argument.

There, the court held that without being presented with precedent indicating otherwise, the fact that the defendant had previously been sued by a disabled individual for non-compliance with the ADA does not, in and of itself, mean that every other disabled individual has been adequately represented, thereby barring their own ADA-compliance claims through *res judicata*. Id. at 1336. The Court agrees. Defendants attempt to distinguish *Access for Disabled, Inc.*, from the instant action by arguing that here, the plaintiff in the 2001 Action was an association of disabled individuals, whereas in *Access for Disabled*, the party plaintiff was an individual. But the Court is not persuaded by this argument. And Defendants fail to cite any precedent indicating that such a distinction is meaningful. Consequently, the Court finds that Plaintiff was not adequately represented by the parties to the 2001 Action, and his claim is not barred by *res judicata*.[3]

B. *Plaintiff's Complaint States a Claim under Title III of the ADA*

Next, Defendants argue that Plaintiff's Complaint should be dismissed because it fails to state a claim under Title III of the ADA. In support, Defendants primarily rely on the Southern District of Florida case *Cohan v. Ocean Club at Deerfield Beach Condo. Ass'n*, Case No. 14-60196-CIV, 2014 WL 1274128 (S.D. Fla. Mar. 27, 2014) ("*Ocean Club*"), for the proposition that the "[r]elevant ADA standards do not require a pool lift in a pool," and therefore Plaintiff's claim fails. (Doc. #10 at 9). Defendants also provide a

---

[3] Although the Eleventh Circuit recognizes an additional form of representation, "virtual representation," Defendants fail to raise any argument that this doctrine applies to the instant action. See generally E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1287 (11th Cir. 2004) (detailing the doctrine of "virtual representation). Therefore, the Court chooses to not address it.

6

short, secondary argument contending that "Plaintiff's allegations concerning parking aisles and ramps are vague and conclusory and fail to identify which, if any, of the many disabled designated parking spaces on [Defendants' Property] violate any particular ADA standard." (Doc. #10 at 9).

The Court first notes that Defendants' reliance on Ocean Club is misplaced. In Ocean Club, the plaintiff solely alleged that the lack of a pool lift constituted an ADA violation. 2014 WL 1274128. In contrast, Plaintiff here alleges much more. In the Complaint, Plaintiff alleges that Defendants are lacking not only a pool lift, but also any other means of entry for a disabled individual, including a "sloped entry, transfer wall, or transfer platform." (Doc. #1 at 7). Indeed, the relevant ADA regulation, 36 C.F.R. § 1191 app. B § 242.2, requires at least two accessible means of entry into the pool for a disabled individual. Therefore, when the Court accepts Plaintiff's allegation that Defendants fail to have *any* means of entry for a disabled individual into their pool as true, Plaintiff successfully alleges a violation of the ADA.

In addition, Plaintiff also successfully alleges a violation of the ADA for the parking space violations. In the Complaint, Plaintiff avers that Defendants' Property maintains "disabled parking space(s) and access aisles that are too steep for use by disabled persons in violation of 2010 ADAAG 502.4." (Doc. #1 at 7). Defendants' argument that their parking lot is in compliance with the ADA as a result of repairs conducted pursuant to the consent decree from previous ADA litigation, when supported by affidavits, would likely succeed at the summary judgment stage. See, e.g., Petinsky v. Gator 13800 NW 7th Ave. LLC, Case No. 13-21955-CV, 2014 WL 1406439 (S.D. Fla. Apr. 10, 2014) (granting summary judgment to the defendants after they presented affidavits testifying

7

that the barriers identified in the complaint were remediated or in the process of being remediated). But at the motion to dismiss stage, this argument fails. When Plaintiff's allegations are taken as true, Plaintiff successfully alleges that he attempted to visit Defendants' Property, but was unable to because of non-ADA compliant parking spaces and access aisles – a clear violation of the ADA. Therefore, Defendants' Motion to Dismiss on the basis that Plaintiff fails to state a claim under Title III of the ADA must be denied.

### C. *Plaintiff Maintains Article III Standing*

Defendants' final argument asserts that Plaintiff's Complaint should be dismissed because Plaintiff lacks Article III standing. To support this argument, Defendants cite to two cases that "declined to confer standing and have dismissed similar ADA actions finding that plaintiff lacks standing to complain about purely speculative injuries arising from alleged barriers in hotels at which plaintiffs have never stayed and have no expectation of utilizing in the future." (Doc. #10 at 11 (citing Brother v. CPL Invs., Inc., 317 F. Supp. 2d 1358 (S.D. Fla. 2004); Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368 (M.D. Fla. 2004)). In analogizing the instant action to those actions, Defendants aver that "Plaintiff's multiple, nearly identical claims of ADA discrimination are plainly conjectural and hypothetical, and fail to establish sufficient Article III standing to bring this action within this Court's jurisdiction." (Doc. #10 at 12). In response, Plaintiff believes that he has alleged sufficient facts to assert that, at this stage in the litigation, he maintains Article III standing. (Doc. #13 at 4-5).

It is well established that in order to obtain standing under Article III of the Constitution, a plaintiff must establish three requirements: (1) "'injury-in-fact'"; (2) "'a

causal connection between the asserted injury-in-fact and the challenged action of the defendant'"; and (3) "'that the injury will be redressed by a favorable decision.'" Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)). Here, Defendants dispute only one of those three requirements: whether Plaintiff has established an "injury-in-fact." (Doc. #10 at 10). Indeed, when injunctive relief is sought, the "injury-in-fact" requirement mandates that the plaintiff "'show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" Houston, 733 F.3d at 1328 (quoting Wooden v. Bd. Of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)). In other words, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" Id. at 1329 (citations omitted; emphasis in original). And because injunctive relief is the only form of relief available to plaintiffs suing under Title III of the ADA, Plaintiff must meet this additional "injury-in-fact" requirement. Id.

Here, the Court finds that Plaintiff has sufficiently alleged an "injury-in-fact" to maintain standing under Article III. While the Court notes that Defendants' cited cases did dismiss ADA actions for lack of standing as contended, those actions were at different stages in the litigation. That is, Tiger Partner, LLC, was at the summary judgment stage and CPL Investments, Inc., was at the post-trial stage. Therefore, neither of those courts were required to take the plaintiffs' allegations as true. In contrast, here, at the motion to dismiss stage, the Court must accept each of Plaintiff's allegations as if they were supported by evidence. In the Complaint, Plaintiff alleges that he "would like to return

9

and enjoy the goods and/or services at [Defendants' Property] on a spontaneous, full and equal basis"; that he "is precluded from doing so by [] Defendant[s'] failure and refusal to provide disabled persons with full and equal access to their facilities"; that he "intends to visit [Defendants' Property] annually to verify compliance"; and that he believes "said violations will not be corrected without court intervention." (Doc. #1 at 3, 6). Similar to the analysis above, Defendants' arguments might prove successful at later stages in the litigation. But when Plaintiff's allegations are taken as for the purposes of this Motion, Plaintiff has sufficiently established a genuine threat of imminent and future injury that satisfies the "injury-in-fact" standing requirement. Therefore, Defendants' Motion to Dismiss as to Plaintiff's lack of standing must be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record